IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br> Plaintiff, <br> and <br> BILLY SIMMONS, <br> Plaintiff-Intervenor <br> v. <br> WAL-MART STORES, INC., <br> Defendant. | § § § § § § § § § § § § § § § | United States Courts <br> Southern District of Texas <br> ENTERED <br> AUG 2 1 2003 <br> Michael N. Milby, Clerk of Court <br><br> CIVIL ACTION NO. H-02-2404 |

## CONSENT DECREE and ORDER

The Equal Employment Opportunity Commission ("Commission" or "EEOC") and Billy Simmons ("Simmons") alleged that Defendant Wal-Mart Stores, Inc. ("Wal-Mart") violated Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991. Simmons additionally alleged that Wal-Mart's actions violated 42 U.S.C. § 1981. This lawsuit alleged that Wal-Mart discriminated against Simmons, because of his race, by failing to promote him, and by subjecting Simmons and other African-American "Unloaders" at Wal-Mart Store #1062 to unlawful race discrimination by paying them less and denying them raises given to similarly situated non-African-Americans.

This Consent Decree does not constitute an admission by Wal-Mart of any violation of Title VII, Title I, or 42 U.S.C. § 1981. Wal-Mart specifically denies all of the allegations lodged by the EEOC and Simmons, and further denies that it engages or has engaged in any unlawful

19

discrimination in employment on the basis of race, or any other class protected by Title VII, Title I, 42 U.S.C. § 1981, or from retaliation, involving Simmons or any other employee.

The parties stipulate to the jurisdiction of the Court and waive a hearing and the entry of findings of fact and conclusions of law concerning EEOC's and Simmons's allegations against Wal-Mart.

It is therefore ORDERED that:

1.      This Consent Decree is entered in full and complete settlement of any and all claims in this lawsuit, Civil Action No. H-02-2404, and in EEOC Charge Nos. 330-A1-0757 and 330-A2-01738. EEOC Charge Nos. 330-A1-0757 and 330-A2-01738 will not be used as the basis for any additional civil action against Wal-Mart.

2.      Wal-Mart agrees that it will not engage in any employment practices which violate Title VII, by unlawfully discriminating against any individual because of such individual's race.

3.      Wal-Mart agrees that it will not retaliate against any individual who opposes any practice made an unlawful employment practice by Title VII, or against any individual who has provided testimony or evidence related to the EEOC's allegations in this lawsuit or to the investigation of EEOC Charge Nos. 330-A1-0757 and 330-A2-01738.

4.      Within ten (10) days after entry of this Consent Decree, a non-discrimination notice will be posted at Wal-Mart Store #1062 for a period of twelve (12) months after the entry of this Consent Decree. A copy of this notice is attached hereto as Exhibit "A." The notice will be posted in a location that is conspicuous and accessible to all employees.

5.      Within sixty (60) days after the Court's entry of this Consent Decree, all members of Wal-Mart management assigned to Store #1062 will receive training on federal anti-discrimination

laws, including Title VII. The training shall include specific instruction on avoiding unlawful discrimination based on race in promotions and compensation decisions. Prior to such training session, the Houston District Office of the EEOC shall receive a copy of the training presentation outline. Within thirty (30) days after the completion of the training, the EEOC shall be provided with a statement listing the date on which the training was completed; the names of the attendees; their job titles; and all topics covered in the training presentation outline.

6. Wal-Mart agrees to pay Billy Simmons ONE HUNDRED FORTY THOUSAND DOLLARS ($140,000.00). To receive this payment, Simmons must execute a separate Settlement Agreement and Waiver/Release, the terms of which will be negotiated and agreed upon by Simmons' and Wal-Mart's respective counsel. Distribution of the settlement proceeds shall be within the terms of the settlement agreement between Simmons and Wal-Mart. Wal-Mart shall send the settlement proceeds to the offices of Simmons' attorney, the address of which appears on the Agreed Motion to Enter Consent Decree which is being filed with this document. A copy of the checks shall be sent concurrently to the Commission at the following address: Equal Employment Opportunity Commission, attn: Timothy M. Bowne, 1919 Smith Street, 7th Floor, Houston, Texas 77002.

7. Wal-Mart agrees to pay an additional sum of THREE THOUSAND FIVE HUNDRED DOLLARS ($3,500.00) to resolve the claim that African-American "Unloaders" employed at Store #1062 have, as a class, been unlawfully paid less than non-African-American co-workers. Within thirty (30) days from the date of entry of this Consent Decree, the EEOC will supply Wal-Mart with a list of current and former Unloaders who will share portions of this amount, along with the respective amounts to be paid to the listed associates. Within ten (10) calendar days after receiving this list from EEOC, Wal-Mart shall issue checks to the listed Unloaders, in

accordance with the amounts stated on the list. A copy of each of these checks shall be sent concurrently to the Commission at the following address: Equal Employment Opportunity Commission, attn: Timothy M. Bowne, 1919 Smith Street, 7th Floor, Houston, Texas 77002. Individuals receiving any payments pursuant to this Consent Decree are precluded from bringing any claims that Wal-Mart, through the date of entry of this Consent Decree, violated Title VII or any other anti-discrimination statute by underpaying their wages. To receive this payment, the identified Unloaders must execute a separate Waiver/Release, the terms of which will be drafted by the EEOC and Wal-Mart's respective counsel. Signed Releases will be forwarded within five (5) business days after signing to Wal-Mart's counsel at the following address: attn: A. Martin Wickliff, Jr., and Judith A. Colbert, 1000 Louisiana, Suite 5400, Houston, Texas 77002. Wal-Mart will pay an additional sum of up to $250 to any Unloader identified by the EEOC, pursuant to the terms of this paragraph, who retains private counsel to review the Waiver/Release prior to the Unloader's signing of the document.

8. Within thirty (30) days from the date of entry of this Consent Decree, the wage rates of any African-Americans currently working as Unloaders at Store #1062 will be studied and adjusted to be no less than the average wage rate paid to Unloaders at Store #1062 of similar tenure and experience upon the showing of a statistically significant wage inequity for that Unloader.

9. Six (6) months prior to the expiration of this Consent Decree, Wal-Mart shall forward to the Regional Attorney of the EEOC Houston Office satisfactory assurances that Wal-Mart has complied with the terms of this Consent Decree. These assurances may include, upon request by the EEOC, a list of all Unloaders in the Receiving Department of Store #1062, identifying the Unloaders by name, race/national origin, the length of their employment with Wal-Mart, and their current wage

rates. Additionally, Wal-Mart will provide assurance of compliance with paragraph 8 of this Consent Decree within sixty (60) days of the Consent Decree's entry.

10. Wal-Mart agrees to segregate in a separate, confidential folder all documents related to the Commission's lawsuit and to the charges of discrimination filed by Simmons. These documents shall not be part of Simmons's personnel file. Further, Wal-Mart agrees not to reference any of the following to any potential employer of Mr. Simmons: his charges of discrimination, the Commission's lawsuit, or this Consent Decree entered in the Commission's lawsuit.

11. This Decree shall remain in effect for twelve (12) months from the date of signing. During such time, the Court shall retain jurisdiction to assure compliance with this Decree and to permit entry of such further orders or modifications as may be necessary or appropriate.

12. The parties shall bear their own costs and attorney's fees.

Signed on this __18th__ day of __August__, 2003.

_____
NANCY F. ATLAS
United States District Judge

# NOTICE
## PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## AND
## THE CIVIL RIGHTS ACT OF 1991

THIS NOTICE REGARDING DISCRIMINATION IN THE WORKPLACE IS BEING POSTED TO ALL EMPLOYEES OF WAL-MART STORE # 1062.

(1)     Federal law requires that there be no discrimination against any employee because of the employee's race, sex, religion, color, national origin, age or disability, with respect to promotions, hiring, compensation, discharge, or any terms, conditions, or privileges of employment.

(2)     Wal-Mart Stores, Inc., supports and will comply with such Federal law in all respects, and will not take any adverse action against individuals because they have exercised their rights under the law by filing charges with the Equal Employment Opportunity Commission ("EEOC"), provided information to the EEOC, and/or received compensation for the settlement of any race, sex, religion, color, national origin, age or disability discrimination claims.

(3)     Wal-Mart Stores, Inc. prohibits race, sex, religion, color, national origin, age or disability discrimination and will not engage in the practice of offering promotions based on the race, sex, religion, color, national origin, age or disability of employees.

(4)     Employees who believe they have been subjected to illegal employment discrimination are encouraged to report their concern to any salaried member of management. You may also contact your Regional Personnel Manager, the People Group, or the Ethics Hotline (1-800-WMETHIC). Employees can also contact the Equal Employment Opportunity Commission ("EEOC") at 1919 Smith Street, Houston, Texas 77002, (713) 209-3372.

SIGNED THIS _____ DAY OF _____. 2003.

_____
Representative of Wal-Mart Stores, Inc.

**THIS NOTICE WILL REMAIN POSTED TWELVE MONTHS FROM THE DATE OF SIGNATURE.**

**Exhibit "A"**